UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MYRIAM E. TORRES ROMAN, et al.,
Plaintiffs,

v.

Civil No. 98-1775 (HL)

MUNICIPIO DE BAYAMON, et al.,
Defendants.

# OPINION AND ORDER

Defendant Robert F. López Acevedo ("López") filed a Motion for Reconsideration, Dkt. No. 65, asserting that the Court improperly denied summary judgment as to López in its order of January 28, 2000, Dkt. No. 62. López argued that there is no genuine issue of material fact as to the existence of probable cause. He also argued that even if there was no probable cause for the arrest, he is entitled to summary judgment on qualified immunity because of his reasonable belief as to the existence of probable cause.

## Standard for Summary Judgment

The Court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Of course, the Court draws inferences and evaluates facts "in the light most favorable to the nonmoving party." *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).




AO 72A
(Rev.8/82)

## Discussion

Upon reconsideration, the Court finds that summary judgment should have been granted on the ground of qualified immunity. The Court shall reprise briefly a few of this case's relevant facts. On July 14, 1997, Plaintiff Myriam E. Torres Román ("Torres") was arrested without a warrant at the home of her mother by police officers employed by Defendant Municipio de Bayamón ("Bayamón"). One if these officers was Defendant López. The officers acted pursuant to a complaint from Torres' ex-husband Jorge I. Ramírez García ("Ramírez") that Torres had not returned to him the couple's children after a weekend-long visit with Torres. Ramírez' complaint further alleged that he feared that Torres might soon take their children back to her home in Tampa, Florida, in contravention of the terms of the couple's divorce decree. Upon receiving this complaint at Ramírez' home, the officers proceeded to the police station with Ramírez and called the District Attorney on the telephone to seek advice. The District Attorney then told the officers to arrest Torres.

The Court finds that López is entitled to summary judgment and grants López' Motion for Reconsideration on the issue of qualified immunity. This is because López' consultation with the District Attorney was sufficient to create in López a reasonable belief that he had probable cause to effect the arrest. See *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Anderson v. Creighton*, 483 U.S. 635, 639 (1987), *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). At the time that López made the arrest, there was no clearly-

Civil No. 98-1775 (HL)                           3

established right preventing him from relying upon the District Attorney's judgment on probable cause. See *Anderson*, 483 U.S. at 639; *Brady v. Dill*, 187 F.3d 104, 115-16 (1st Cir. 1999); *Lynch v. Boston*, 180 F.3d 1, 13 (1st Cir. 1999).

According to Torres, there is a factual issue that prevents the Court from granting summary judgment on qualified immunity. Torres argues in her Opposition to Defendants' Motion for Summary Judgment, Dkt. No. 57, that a process server named Osvaldo Hernández López ("Hernández") was present at Ramírez' home when Ramírez made his complaint to the officers. Hernández testified in his deposition, according to Torres, that he followed the officers directly to the site of the arrest, with no intervening stop and telephone call at the police station. While this testimony would create a factual issue preventing the entry of summary judgment, it is not supported by the record. In Torres' Statement of Material Facts, Dkt. No. 57, she points to Exhibit K, pages 46-48 and 52, as the location of Hernández' testimony. Torres neglects to include page 52, however. Further, nothing in pages 46-48 suggests that Hernández saw the officers go to the arrest site. Without adequate record support for Torres' assertion of fact, it can not support her opposition to the entry of summary judgment.

This proposition finds support in Local Rule 311(12), the so-called "Anti-Ferret Rule." Without such a rule, the Court would have to search through the record, with or without the assistance of counsel, for lurking evidence of a genuine issue of material fact. *Stepanischen v. Merchants Despatch Transport Corp.*, 722 F.2d 922, 920-31 (1st Cir. 1983). Local Rule 311(12) prevents "the recurrent problem of 'ferreting through the

AO 72A
(Rev.8/82)

Civil No. 98-1775 (HL) 4

record.'" *Id.* at 931. It requires the party moving for summary judgment to file a separate, short, and concise statement of material facts that supports its claim that there is no genuine issue of material fact in dispute. These facts are deemed admitted unless the non-moving party files a similarly separate, short, and concise statement of material facts demonstrating that there is a genuine issue in dispute.

The anti-ferret rule serves the purpose of laying out the material facts in dispute clearly for a district court that is swamped with an overwhelming number of civil and criminal dispositive motions. The rule requires both the moving party and the non-moving party to properly support their respective lists of material facts with specific references to the record. Without specific references to the record, the list of uncontested and contested facts does not serve its purpose. The Court would have to continue to ferret through the record, read all the answers to the interrogatories, study all the attached documents, and carefully scrutinize all the depositions for lurking genuine issues of material facts. "The papers opposing a motion for summary judgment shall include a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, *properly supported by specific reference to the record.*" Local Rule 311(12) (emphasis added). There being no genuine issue of material fact preventing the entry of summary judgment, the Court shall proceed to a discussion of the law.

Under the rule set forth in *Whitely v. Warden, Wyo. State Penitentiary*, 401 U.S. 560 (1971), police are generally entitled to act on a directive to make an arrest when that

AO 72A
(Rev.8/82)

Civil No. 98-1775 (HL)                    5

directive comes from another police officer.[1] This has been interpreted to mean that "the arresting officer is himself not at fault and thus should not be held personally responsible in a civil action or disciplinary proceedings if it turns out that there was no probable cause at the source." Wayne R. LaFave, 2 Search and Seizure § 3.5(b) (3rd ed. 1996). Of course, the arrest without probable cause is still invalid, and exclusion of evidence gathered incidentally to the arrest is required. *Whitely*, 401 U.S. at 568-69. The arresting officer is simply not to be held personally liable for the wrongful arrest.

The rule in *Whitely* seems to insulate López from liability for relying on the instructions of the District Attorney. After all, the District Attorney is a lawyer and presumably even better able to judge the existence of probable cause than is López. The difficult issue is whether López' reliance on the District Attorney's judgment was sufficient to create a reasonable belief in López in the existence of probable cause, thus insulating him from liability for failing to use his independent judgment.

Qualified immunity is ordinarily properly decided before trial, *Iacobucci v. Boulter*, 193 F.3d 14, 22 (1st Cir. 1999). This case is no exception. At the time of the arrest, there was simply no "clearly-established statutory authority or constitutional right[]" preventing a police officer from relying on a District Attorney's determination of probable cause. *Acevedo-Garcia v. Vera-Monroig*, --F.3d--, 2000 WL 156558, 8 (1st Cir. 2000) (quoting

---

[1] The Court finds that the line of § 1983 cases dealing with an officer's reliance on the advice of counsel to establish qualified immunity is inapposite here. The District Attorney in this case functioned as a law-enforcement official, not as Lopez' counselor.

*Mitchell v. Forsyth*, 472 U.S. 511, 524 (1985)). See also *Anderson*, 483 U.S. at 639; *Brady*, 187 F.3d at 115-16; *Lynch*, 180 F.3d at 13. Further, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Acevedo-Garcia*, --F.3d--, 2000 WL at 8. Accordingly, López is protected from suit by qualified immunity.

Wherefore, the Court hereby grants Defendant López' Motion for Reconsideration and dismisses the case against him with prejudice. Further, although "it is not impossible for a municipality to be held liable for the actions of lower-level officers who are themselves entitled to qualified immunity," *Joyce v. Town of Tewksbury, Mass.*, 112 F.3d 19, 23 (1st Cir. 1997), this is not the case here. This is because the Court's "rationale here for granting qualified immunity to [López] -- that the unsettled state of the law made it reasonable to believe the conduct in this case constitutional -- also precludes municipal liability." *Id.* Bayamón could not have acted in "deliberate indifference to the constitutional rights of persons in Bayamón to be free from arbitrary arrest and detention," Complaint, Dkt. No. 1, for "failing to teach [its] officers that their conduct was unconstitutional." *Joyce*, 112 F.3d at 23. Accordingly, the Court dismisses this entire case with prejudice. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 29, 2000.

HECTOR M. LAFFITTE
Chief U.S. District Judge